SOUTHWICK, P.J., for the Court.
¶ 1. A Leake County Circuit Court jury convicted Larry Darnell Scott of armed robbery. On appeal, he contests the introduction of identification evidence. We find no error and affirm.
FACTS
¶ 2. In August, 2002, O.C. Crawford, a convenience store operator, saw two men in a car pull into the area of the store’s gas pumps. One of the men entered the store and stated that he wanted to purchase a dollar and fifty cents worth of gas and a pack of Newport cigarettes. At trial, Crawford identified the man as the defendant Scott. Crawford placed the cigarettes on the counter as Scott wandered around in the store. Other conversation briefly occurred, then Crawford turned his back to attend the pump control console. The purported customer then went behind the checkout counter and grabbed Crawford from behind in a bear hug. Scott then beat Crawford about the head and face. Crawford was ordered to turn around as Scott reached into his pockets and took a pocketknife and a billfold which contained forty-five dollars. Scott then asked Crawford where he kept his gun. Initially, Crawford refused to say. After being hit in the side, Crawford revealed where the gun was located. Scott picked it up, pointed it at Crawford, and demanded money. About one hundred and fifty dollars was taken from the cash register.
¶ 3. Scott tore the telephone from the wall, ran from the store and drove off. Crawford was able to give the police a description of the car, which was found abandoned soon after the robbery. Police found inside the car a pack of Newport cigarettes with blood stains and fingerprints on it.
¶4. Later on the day of the robbery, Arthur Earl Johnson, the man who had been in the car with Scott, contacted a detective with the Forest Police Department in adjacent Scott County. Johnson identified Scott as the person who beat Crawford. The next day Crawford identified the robber by choosing Scott’s photograph from an array produced by the Scott County Police Department.
¶ 5. At trial, Scott was convicted of armed robbery and sentenced to thirty years in the custody of the Mississippi Department of Corrections. He appeals.
DISCUSSION
¶ 6. Scott claims that the court erred in denying his motion to suppress Crawford’s identification of him. The photographs used in the array that was shown to Crawford had not been preserved. He claims that admitting the identification without the prosecution’s production of the photographs denied him due process.
¶ 7. The record reveals that the photographic array was disassembled without police making a record of which pictures were in it. Though that is not good law enforcement procedure since the reasonableness of photographic arrays are legitimate issues during a prosecution, there is no intimation in the record that the failure to retain the photographs was intended to prejudice Scott.
¶ 8. On appeal, Scott claims that the failure to preserve and, therefore to produce, the photographs from which the store clerk identified Scott was a violation of the process due him in this criminal prosecution. We examine these factors in reviewing the effect of the destruction of evidence:
(1) the evidence in question must possess an exculpatory value that was apparent before the evidence was destroyed; (2) the evidence must be of such a nature that the defendant would *551 be unable to obtain comparable evidence by other reasonably available means; and (3) thé prosecution’s destruction of the evidence must have been in bad faith.
Byrom v. State, 863 So.2d 836, 854 (Miss. 2003).
¶ 9. As to the first element, there is nothing in this record to support that exculpatory potential existed in the array of photographs. Relevant both on the first and the second elements, the store clerk Crawford was examined as to the details of the photographic array, such as the similarity of the pictures, whether the photographs were all of individuals of the same race, and whether Scott’s picture was made to stand out in some way. There was no unfairness apparent in the array. This testimony removed concerns about the possible exculpatory nature of the photographic array, and was comparable though less definitive evidence about the nature of the pictures shown to Crawford.
¶ 10. The third element of a due process violation analyzes whether the prosecution’s destruction of the evidence was done in bad faith. Bad faith involves a planned design to deceive or mislead and is prompted by a sinister motive instead of an honest mistake. Bailey v. Bailey, 724 So.2d 335, 338 (Miss.1998). The record contains evidence of the procedure followed in assembling and presenting the array of photographs to Crawford. This testimony reveals protection against suggestiveness. It does not appear that disassembling the array, as a matter of routine, was done with any fraudulent intent. There is no indication that bad faith existed.
¶ 11. The overwhelming factor in finding no prejudice here is the substantial other evidence positively showing Scott’s guilt. This other evidence includes the abandoned car which was positively identified by the victim, Crawford, as the getaway car. -The car was reported stolen by Scott’s sister the night before the robbery. Inside the car was an unopened, bloodstained pack of Newport cigarettes with Scott’s fingerprints on the pack. Most telling, Arthur Earl Johnson, the man who was with Scott at the time of the robbery, testified as to what had occurred. Johnson stated that while waiting outside in the car, he heard a noise as if someone had fallen against the store window. When he looked around, he saw'Scott beating Crawford. The day of the robbery, Johnson called a police investigator to report what he had witnessed. Crawford testified as to the clear,, close, and continuous view that he got'of Scott during the crime. Crawford immediately identified Scott when shown the group .of pictures. Thus, had any unfairness existed in the .photographic array, Crawford’s identification was almost certainly unaffected.
¶ 12. There is no basis to believe that having the photographs would have been favorable to Scott in changing the outcome of the trial.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., BRIDGES, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.